# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 7, 2023

**BY ECF**
Honorable Chief Judge Laura T. Swain
United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: **United States v. Hassan Carter**
 **22 CR 271 (LTS)**

Dear Judge Swain:

    I write regarding the concerns raised by Mr. Carter in his letter to the Court dated May 23, 2023, ECF No. 35, and, for the reasons contained herein, to respectfully request that the Court issue an Order directing the Bureau of Prisons ("BOP") to give Mr. Carter credit toward his sentence for the time he spent in federal custody, at the MDC, pursuant to a writ of habeas corpus ad prosequendum.[1]

    On March 22, 2023, the Court sentenced Mr. Carter to 15 months imprisonment to run currently with the undischarged portion of the sentence yet to be imposed in Bergen County, New Jersey. At the time of sentencing, Mr. Carter was in the primary custody of the state of New Jersey and was pending disposition and sentencing for a violation of probation in New Jersey.

    After Mr. Carter was sentenced by the Court, he was transferred back to New Jersey. He appeared in the New Jersey court and, instead of adjudicating the violation of probation, the court there terminated his probation without imposition of any sentence. The approximately 12 months of custody that would have been

---

[1] Mr. Carter was arrested by federal authorities on April 7, 2022. At his initial presentment, he was released on bail conditions but ordered detained until the conditions were satisfied. On April 12, 2022, all requisite bail conditions were met but a warrant was lodged against Mr. Carter from New Jersey for a state violation of probation, and he was turned over to New Jersey authorities by the BOP. Mr. Carter returned to federal custody on May 16, 2022, on a writ of habeas corpus ad prosequendum and was detained at the MDC until sentencing.

credited toward a New Jersey state sentence had he received a jail sentence there was, therefore, undischarged.

      I made a direct request the BOP to grant Mr. Carter time credit for the undischarged time served on the writ at the MDC and they denied that request responding in an email, "The Court deducted one year from the bottom of the advisory guideline range, which was 27 months, arriving at a sentence of 15 months. The court reasoned that Mr. Carter was unlikely to receive credit toward the sentence for the approximate one year spent at the MDC due to the pending NJ case. Since the court already gave credit for the time in question, we cannot award that credit again."  I submit that the BOP misunderstood the Court's sentence, reasoning and intention.

      Despite varying downward from the advisory guideline range by 12 months, I understood that the Court also expected and intended that Mr. Carter would receive credit toward the federal sentence for any time he was detained in federal custody on the writ that was not credited to the New Jersey sentence.  See Exhibit A, Sentencing Transcript, p. 10:24 – 11:24.  Since, ultimately, none of the writ time was credited to the New Jersey sentence, Mr. Carter should be entitled to that undischarged credit toward the 15-month sentence.

      To date, Mr. Carter has been in custody for a total of 14 months. According to the BOP inmate locator website, his release date is projected to be April 9, 2024. Without giving Mr. Carter credit toward the Court's 15-month sentence for the time served on the writ, he will serve 24 months in prison.  If that was not the Court's intention, I respectfully request that the Court issue an Order directing the BOP to credit Mr. Carter for the time he was detained at the MDC pursuant to a writ of habeas corpus.

Sincerely,

/s/ Amy Gallicchio

_____

Amy Gallicchio, Esq.
Assistance Federal Defenders

Cc:    AUSA Dina McLeod

The Court's intention was that Mr. Carter's total sentence would be approximately two years.  Therefore, the Court denies Mr. Carter's request.
DE#36 resolved.
SO ORDERED.
June 7, 2023
/s/ *Laura Taylor Swain*, Chief USDJ